[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON DEFENDANTS' MOTION TO CITE IN PARTY DEFENDANT
Plaintiff, a passenger in an automobile operated by Christopher Doucette and owned by Michael Doucette, instituted this action for personal injuries against the owner and operator of a truck involved in a collision with the Doucette vehicle.
Those defendants now move to cite in the Doucettes as defendants under General Statutes § 52-102 in order to CT Page 7406 apportion liability under General Statutes, § 52-572 (h).
This court has previously granted such a motion to cite in upon determining that the proposed defendants were necessary parties in the case. Snipes v. Fisher, 4 CTLR 320, (July 31, 1991), Wagner, J. The majority of superior court decisions are in accord. See Baker v. Franco, 7 Conn. L. Rptr 622 (1992), Fuller, J. In Baker v. Franco, Judge Fuller concluded that the granting of the motion to cite in did not require the plaintiff to amend its complaint; however, the motion to cite in must contain some factual allegations of negligence against the proposed defendants before the motion may be granted.
Since the present motion, as in Baker v. Franco, merely alleges that the proposed defendants owned and operated the vehicle in which plaintiff was a passenger, we find this insufficient and deny this motion, without prejudice, to permit the defendants an opportunity to amend or file a new motion stating facts which support a claim of negligence against the proposed defendants.
Motion denied without prejudice.
Wagner, J.